Verified Correct Copy of Original 12/15/2015

STATE OF OREGON
CLACKAMAS COUNTY COURT
CLACKAMAS COUNTY COURT
Filed/Entered
2015 DEC -2 PM 3:29
DEC 06 2015
ENTERED
By: DOCKETED SRU BY

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

JOSEPH LEONETTI, personally and as Personal Representative of the Estate of Holly Leonetti, deceased,

    Plaintiff,

v.

PATRICK BRAY, LISA SHIPLEY, ANTHONY KOLLIAS, CLINT PIERCE, CLACKAMAS COUNTY, a Political Subdivision of the State of Oregon

    Defendants.

Case No. CV15120043

COMPLAINT FOR FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

Prayer: $7,500,000

Not Suitable for Mandatory Arbitration

ff 793-
CK101546



CV15120043
CM
Complaint
3879859

Plaintiff Joseph Leonetti ("plaintiff") hereby alleges as follows:

1.

This is a complaint for false arrest, malicious prosecution, denial of constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and loss of society, services, companionship, and consortium (for Holly Leonetti, now deceased).

**Facts Applicable to All Causes and Claims**

2.

At all material times, plaintiff was and is a resident of Oregon City, Clackamas County, Oregon. At all material times, plaintiff is or will be the duly appointed personal representative of the estate of his deceased wife, Holly Leonetti. Defendants Bray, Shipley, Kollias, and Pierce are or were at all material times employees of the Clackamas County Sheriff's Office ("CCSO"),

Page 1 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 1 of 9

and employees of Clackamas County at all times acting within the course and scope of that employment. At all material times they acted under the supervision and control of their senior officers, and of the sheriff, and of their employer, Clackamas County. Individual defendants are sued in their official and personal capacities.

3.

Plaintiff Joseph Leonetti is the father of three, and was the husband of Holly Leonetti until she died of breast cancer in 2015. He has lived and worked in the Portland and Oregon City area for many years. He has been involved in soccer since he was a youth, playing soccer professionally, acting as a soccer coach, and acting as a soccer commentator for soccer teams. At the time of the acts set forth below, he was coaching his daughter's city league soccer team and also coaching a high school team.

4.

P.D. is a minor, the daughter of J.D. J.D., at all material times was and is a deputy sheriff with the Clackamas County Sheriff's Office. P.D. was a friend of Joseph Leonetti's daughter, Chloe, and played on the same soccer team, which Mr. Leonetti coached. P.D. falsely accused plaintiff of sexual abuse, by telling a friend, who told her mother, who told J.D.'s wife, who told J.D. Around the time of the alleged abuse, P.D. was under pressure at home regarding school and soccer. She recently had been moved by Mr. Leonetti to the "B" team, to the irritation of J.D., who was angry with Leonetti for not playing P.D. on the "A" team. Most of P.D.'s friends were on the "A" team. P.D. had recently changed schools to a new school, again, leaving her friends behind.

5.

J.D. thought about the accusations for several weeks, and then ultimately told defendant Sgt. Kollias, the leader of his SWAT team, on or about June 7, 2013. Sgt. Kollias thought about the case and discussed it with J.D. for several days, but ultimately decided to investigate the matter. Defendant Kollias then became in charge of the investigation. Despite the fact that the

Page 2 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 2 of 9

alleged events purportedly took place at plaintiff's house, in Oregon City, defendants had a personal interest in the case, the alleged victim being the daughter of their brother officer, J.D., and so they elected to keep the case and investigate and prosecute the case themselves rather than simply referring the matter to the Oregon City Police Department, a neutral agency. Defendant Kollias assigned detectives Bray and Shipley (defendants) to investigate the case. Defendants also enlisted the help of various Oregon City Police Department detectives, with Kollias and Clackamas County Sheriff's Office remaining in charge of the investigation. Ultimately, in 2014, and shortly before trial, defendant Sgt. Pierce took over supervision of the case and supervision of detectives Bray and Shipley. Ultimately, everything defendants did prevented this case from being treated as a normal case, and prevented it from being investigated in a neutral manner.

6.

According to CCSO's own protocols, this should have been designated a "sensitive case" because it involved a public employee (indeed a sheriff's sergeant), and should have had a "sensitive case review" before proceeding with an investigation, a determination of jurisdiction, and interviews of the alleged victim.

7.

On or about June 10, 2013, Bray and Shipley first interviewed P.D. During the course of that interview, and in the course of the interviews that followed, P.D. continually changed her story, varying the months in which the abuse allegedly took place, varying the number of nights she spent at the Leonettis, and making statements that revealed she was being coached and "helped" in her renditions of the facts. By the time she was interviewed by CARES Northwest (Child Abuse Response and Evaluation Services), it was clear she had not been interviewed in a neutral manner. At various times, P.D. said the touching occurred in September and October, 2012, then stretched that out to November, 2012, and later moved the time to early 2013. P.D. told friends that the touching occurred as late as March or April, 2013. At various times she

Page 3 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 3 of 9

1 said it occurred on two occasions, five occasions, and "a lot" of occasions. Defendants covered up the inconsistencies, failed to investigate them, and presented a glossed-over fact scenario to the prosecuting attorney.

8.

By its own protocols, CCSO personnel were required to notify Oregon DHS within 24 hours of learning of the alleged abuse, DHS was to determine jurisdiction, both agencies must investigate in tandem, and the Children's Center (or CARES) is to conduct the first interview of the alleged victim. None of these protocols were followed by defendants.

9.

Bray and Shipley then first arrested plaintiff Leonetti on the same day as their first interview of P.D., June 10, 2013, and took him to the Sheriff's station. He was not booked that day, but eventually set free the same day. Defendants then arrested plaintiff Leonetti again on June 12, 2013. He was booked and lodged in the jail, and then released on bail on June 13, 2013.

10.

Before any meaningful investigation, and using misleading and sanitized information presented to the prosecuting attorney by the defendants, they obtained an arrest warrant, and Mr. Leonetti was charged with four counts of sexual abuse, a class B felony, and he was indicted by the grand jury on June 18, 2013.

11.

As a result of the arrest, charges, and prosecution of plaintiff, Mr. Leonetti was forced to move out of his house, away from his wife and his own children, and he could only visit with his own children under the supervision of another adult family member certified to chaperone the visit. He was not allowed to attend his own daughter's soccer games. This continued for many months, all while Holly Leonetti was suffering from breast cancer and needed the companionship, society, support, and services of her husband.

/ / /

Page 4 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 4 of 9

12.

Through the acts and omissions of defendants, they set in motion, and maintained in motion, a prosecution of plaintiff that continued until the 3rd day of trial, in March, 2015. Had the prosecuting attorney had the information from defendants that he finally possessed at the time of trial, he would have dismissed the prosecution.

13.

The defendants never investigated the scene of the alleged crime. They never obtained a search warrant for any physical evidence from the Leonetti household. The physical layout of the Leonetti home makes P.D.'s account of what happened physically impossible. Other than P.D.'s various versions of the events, there simply was no evidence that a crime had occurred.

14.

Defendants never gathered digital evidence or social media evidence from the alleged victim and her friends. They never collected cell phone call logs, texts, or any images of computers used by P.D., her parents, or Mr. Leonetti.

15.

Defendants failed to follow up when witnesses told them there were rumors that P.D. made the whole thing up because she was angry about being on the "B" team. Had they been conducting a neutral investigation without malice, they would have sourced the rumors rather than simply adhering to P.D.'s "core" story.

16.

P.D. stated to defendants that Holly Leonetti was bed-ridden at the time of the alleged abuse, and so could not have been in the room when the alleged abuse took place. In reality, Holly was in the room or the next room when P.D. spent the night at Leonettis, and was still strong and in relatively good health, as is demonstrated by photos from that time period, both in Oregon City and on vacations. Defendants, nevertheless, failed to look into the inconsistencies in the facts of the case.

Page 5 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 5 of 9

17.

P.D.'s behavior, and her parents' behavior, is inconsistent with allegations that she was abused. The ensuing investigation by defendants was not neutral, due to P.D. being the daughter of J.D., a brother officer, and defendants ignored and failed to pursue numerous red flags that experts have long-recognized accompany false accusations. P.D., even after the alleged abuse, continued to have a comfortable relationship around plaintiff, and plaintiff's family, with plaintiff continuing to drive the girls to and from practices and games. From time to time, P.D. would choose to ride with the Leonettis, and with Joseph Leonetti, even after the time of the alleged abuse.

18.

Mr. Leonetti took, and passed, two separate polygraph, or "lie detector" tests regarding his innocence. Mr. Leonetti underwent a complex psychosexual evaluation, and he exhibited none of the symptoms or indicators that he was or is a pedophile. Interviews of the parents of all the girls he coached failed to turn up any inappropriate behavior.

19.

In the course of the investigation, defendants engaged in numerous "*Brady*" violations in that they suppressed several items of exculpatory or impeaching evidence, as alleged above. The violations were willful, and they prejudiced plaintiff because the prosecution continued, while those violations remained suppressed. P.D. in, June 2013, told a friend about a sleeping bag she took to the Leonettis' and that it contained DNA evidence from plaintiff. Defendants learned of this sleeping bag in June, 2013, but inexplicably failed to seize the sleeping bag, preserve it, or to search for any other DNA evidence in the J.D. household or in the Leonetti household. Even after P.D.'s mother told them there was never a sleeping bag, defendants suppressed that fact, along with failing and refusing to produce a sleeping bag, and in not revealing the truth about the nonexistent sleeping bag until shortly before trial. P.D. later denied there was a sleeping bag, or that she had told anyone about a sleeping bag containing DNA evidence.

Page 6 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 6 of 9

20.

Further, defendants failed to investigate exculpatory evidence, in violation of principles set forth in *California v. Trombetta,* 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) and *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

21.

Defendants, in dealing with the prosecuting attorney, provided him with misinformation, concealed exculpatory evidence, and otherwise engaged in bad faith conduct that was actively instrumental in causing the initiation and continuation of the prosecution of plaintiff.

22.

On March 3, 2015, the trial began with selection of a jury. On March 5, 2015, the attorneys gave opening statements. Immediately following that, and following a conference with the Court, the prosecuting attorney dismissed the case in the interests of justice, without procuring any plea, release, or other quid pro quo from plaintiff. The dismissal was the result of the prosecuting attorney's opinion that the case lacked merit and would result in a jury acquitting Mr. Leonetti.

23.

Holly Leonetti died of cancer on June 19, 2015. Her last two years of life were taken over by false accusations of her husband, and a 20 month criminal prosecution that was dismissed by the prosecuting attorney when he realized he had no case, all times that she should have been spending with her husband and children in a happy setting.

24.

Plaintiff was damaged personally by the above acts and omissions in an amount not to exceed $6mm. Plaintiff suffered economic damages in an amount not to exceed $875,000 for legal fees and expenses, counseling expenses, and for wage loss, and he suffered non-economic damages in an amount not to exceed $5,125,000 due to emotional distress, mental anguish, humiliation, and damage to his reputation.

Page 7 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 7 of 9

### First Cause of Action – False Arrest

25.

Plaintiff realleges paragraphs 1 through 24.

26.

Defendants arrested and jailed plaintiff without probable cause, all to his damage as alleged above.

### Second Cause of Action – Malicious Prosecution

27.

Plaintiff realleges paragraphs 1 through 26.

28.

Defendants initiated and pursued a criminal prosecution of plaintiff with malice and without probable cause, all to his damage as alleged above.

### Third Cause of Action – 42 USC §1983

29.

Plaintiff realleges paragraphs 1 through 28.

30.

Defendants' actions deprived plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

31.

At all material times, and when they deprived plaintiff of his constitutional rights, defendants were acting under color of state law in their employment as detectives, police officers, and deputy sheriffs for Clackamas County, and they acted in a knowing or reckless manner. Clackamas County and the Clackamas County Sheriff's Office failed to adequately supervise or train its officers, detectives, and supervisors, causing the actions and omissions alleged above.

Page 8 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 8 of 9

32.

Plaintiff is entitled to his reasonable attorney fees under 42 USC §1983 and §1988. Plaintiff is entitled to costs of suit under 42 USC §§1920 and 1988.

**Fourth Cause of Action – Estate of Holly Leonetti**

33.

Plaintiff realleges paragraphs 1 through 32.

34.

At all material times, Holly Leonetti and Joseph Leonetti were wife and husband until she died of breast cancer in 2015. Defendants' acts and omissions, as alleged above, caused Holly Leonetti to lose society, services, companionship, and consortium of her husband, Joseph, and caused her extreme emotional anguish, all to her damage in an amount not to exceed $1,500,000.

**Jury Demand**

Plaintiff demands trial by a jury of 12 on each claim and cause of action.

WHEREFORE, plaintiff Joseph Leonetti personally and as personal representative for the estate of Holly Leonetti requests damages in an amount not to exceed $7,500,000, for his reasonable attorney fees incurred in this action, and for his costs and disbursements incurred in this action.

DATED: November 30, 2015.

CABLE HUSTON LLP

*/s/ Jan K. Kitchel/*

Jan K. Kitchel, OSB No. 784712
Of Attorneys for Plaintiff Joseph Leonetti

Trial Attorney: Jan K. Kitchel

4821-8636-0873, v. 1

Page 9 – COMPLAINT -- FALSE ARREST, MALICIOUS PROSECUTION, DENIAL OF CIVIL RIGHTS UNDER 42 USC §1983

CABLE HUSTON
1001 SW FIFTH AVENUE, SUITE 2000
PORTLAND, OREGON 97204-1136
TELEPHONE (503) 224-3092, FACSIMILE (503) 224-3176

29979.001\4830-4300-9579.v1

Exhibit 6
Page 9 of 9